FEDERATION OF LIVONIA CIVIC ASSO-
CIATIONS, INC., *v.* LEWIS.

Municipal Corporations — Zoning — Agricultural Areas — Resi-
dence Lots.
  Zoning ordinance of home-rule city which consisted of an entire
  36-square mile area then devoted in part to agricultural uses
  and which required larger lot areas in districts where property
  was less restricted is construed as permitting the platting of
  single-family residence-size lots provided they comply with
  requirements as to lots in single-family residence districts.

Appeal from Wayne; McCree (Wade H., Jr.), J.
Submitted October 16, 1957. (Docket No. 59, Cal-
endar No. 47,437.) Decided November 26, 1957.

Bill by Federation of Livonia Civic Associations,
Inc., and Schoolcraft Manor Civic Association, both
Michigan nonprofit corporations, and various land
owners against David Lewis and the city of Livonia,
a municipal corporation, to enjoin subdividing zoned
rural agricultural area into lots of size permissible
in zoned residential area. Bill dismissed. Plain-
tiffs appeal. Affirmed.

*David Hodgman,* for plaintiffs.

*Travis, Warren & Nayer* (*Harry M. Nayer,* of
counsel), for defendant Lewis.

*William N. Ponder,* for defendant city of Livonia.

References for Points in Headnotes
[1] 58 Am Jur, Zoning § 32 *et seq.*

SHARPE, J. This is a chancery action to enjoin the defendant David Lewis from subdividing his land into lots having an area of less than 8,500 square feet contrary to section 8.04 of article 8.00 of Livonia zoning ordinance No 60, which reads as follows:

"Every lot in R-U-F districts shall have an area of not less than 1/2 acre and shall have an average width of not less than 1/4 the average depth, provided that a lot shall not be required to have a width greater than 100 feet. If a parcel of land has less area than herein required such parcel shall comply with all of the requirements of the R-1 districts."

The essential facts are not in dispute and are as follows: The city of Livonia was incorporated as a home-rule city and when incorporated consisted of the same area as the previous township of Livonia and consists of an area of 36 square miles. At the time of incorporation in 1950 only the southeasterly portion of the city, consisting of approximately 1/4 of the total area of the city, was heavily developed as a residential area, with the remaining 3/4 of the land area being sparsely settled. At the time of incorporation there were areas in the city being used for general farming purposes.

Subsequently the city adopted a zoning ordinance. The following districts are created in the zoning ordinance (article 3.00—Districts, § 3.01): R-1 one-family residential; R-2, two family; R-3, multiple family; R-U-F, rural urban farm; AG, general agricultural districts.

R-1 districts (article 5.00) are restricted to churches, schools, libraries, municipally-owned parks and playgrounds, and gardening in addition to 1-family residences. The raising of fowl and rabbits is permitted only after special permission by the city planning commission.

R-2 (article 6.00) use permits R-1 uses and 2-family dwellings plus some additional uses, some requiring prior city planning commission approval.

R-3 (article 7.00) permits R-2 uses plus multiple dwellings, apartment houses, and hotels.

R-U-F (article 8.00) is the district involved in the instant appeal. This permits R-1 uses, and in addition, nurseries, greenhouses and truck gardens; off-street parking facilities under certain conditions; and permits, on a half-acre site or more, fowl and rabbits to be raised and kept for the owner's consumption; on 1 acre or more, 2 horses may be kept for the owner's use; on 2 acres or more, 2 horses and 1 cow or 3 horses may be kept for the owner's use; dog kennels may be operated; fowl and rabbits may be raised for sale, providing only that the animals are properly fenced, maintained, and housed. No special permission from the city planning commission is required for any of such uses.

In R-1 districts the ordinance provides for a minimum width of 60 feet and a minimum area of 7,200 square feet, while in R-U-F districts the ordinance provides that lots shall have an area of not less than 1/2 acre and shall have an average width of not less than 1/4 of the average depth, provided that such lots need not have a width in excess of 100 feet.

Several individuals owning property in the vicinity of defendant David Lewis' proposed subdivision together with 2 civic improvement associations filed a bill of complaint in the circuit court of Wayne county alleging that defendant David Lewis was proceeding to subdivide his land in a so-called R-U-F zoning district into lots of less than 1/2 acre, which lots met or exceeded the minimum requirements of an R-1 district.

Defendant David Lewis filed an answer to the bill of complaint and also filed a motion to dismiss the

bill of complaint. The motion to dismiss contained the following:

"That the zoning ordinance of the city of Livonia referred to in the bill of complaint, being ordinance No 60, when read in its entirety clearly establishes defendant's right to plat residential lots for R-1 use of a minimum width of 60 feet and a minimum area of 7,200 square feet in an R-U-F district, and that it is not necessary for an owner of land in an R-U-F district who desires to subdivide such land of less than 1/2 acre to first obtain a change of zoning classification."

The cause came on for trial. No evidence was taken as the facts were stipulated. The trial court, in an order of dismissal, entered the following order:

"That section 8.04 of said ordinance is hereby construed and interpreted to permit defendant Lewis, as a matter of right, to plat residential lots for R-1 use in an R-U-F district, said lots to meet R-1 requirements and to have a minimum width of 60 feet and a minimum area of 7,200 square feet, without the necessity of applying for or obtaining any change of zoning classification or any amendment of said ordinance."

Plaintiffs appeal and urge that the trial court was in error in holding that section 8.04 of article 8.00 of the zoning ordinance does not prohibit the subdividing of lots into parcels smaller than 1/2 acre. It is the claim of plaintiffs that the following sentence in the ordinance—"If a parcel of land has less area than herein required such parcel shall comply with all of the requirements of the R-1 districts"— applies only to lots already subdivided before the adoption of the ordinance.

It is apparent that one of the purposes of the ordinance was to require larger lot areas where the property was less restricted, such as if a person wanted to raise fur-bearing animals, the ordinance

required an area of 5 acres. We are of the opinion that section 8.04 permits the use of lots of less than a half acre in an R-U-F district provided they comply with requirements as to R-1 districts.

The decree is affirmed, with costs.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.